**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**MELVIN D. SAMUELS,**

         **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　　　　**Civil Action No. 5:17cv163**
　　　　　　　　　　　　　　　　　　　　　　　**(Judge Stamp)**

**S. KALLIS, Warden,**

         **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On October 30, 2017, the *pro se* Petitioner, Melvin D. Samuels, an inmate then incarcerated at FCI Hazelton in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence. The Petitioner has satisfied the filing fee. ECF No. 9.

The matter is assigned to the Honorable Frederick P. Stamp, United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. Factual and Procedural History[1]

---

[1] The facts are taken from the Petitioner's criminal Case No. 3:12cr159 in the United States District Court for the Eastern District of Virginia, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

### A.  Conviction and Sentence

On February 1, 2013, a Criminal Information was filed in the Eastern District of Virginia charging the Petitioner with conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance in violation of 211 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C). On February 1, 2013, the Petitioner entered into a plea agreement in which he agreed to plead guilty to the single count Criminal Information. Pursuant to the agreement, the Petitioner acknowledged that the Court had jurisdiction and authority to impose any sentence within the statutory maximum of 20 years. ECF No. 18. On May 14, 2013, the Petitioner was sentenced to 180 months of imprisonment. The Petitioner qualified for, and was sentenced as, a career offender under U.S.S.G. § 4B1.1.[2] ECF No. 36.

### B. Appeal

The Petitioner did not file a direct appeal.

### C.  18 U.S.C. § 3582(c)(2)

On December 9, 2014, the Petitioner filed a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the United States Sentencing Guidelines. ECF No. 30. The Federal Public Defender's Office was appointed to represent him regarding the motion. On September 18, 2015, the motion was denied because the base offense level applicable to the Petitioner had not been lowered. ECF No. 36.

---

[2] Specifically, the district court found that the Petitioner's 1999 Virginia convictions for robbery and use of a firearm in  the commission of a felony, his 2000 conviction for maiming, and his 1999 federal conviction for possession of a sawed-off shotgun qualified as crimes of violence under the career offender provision. ECF No. 37 at pp. 3-4.

### D.  Motion to Vacate

On June 21, 2016, the Petitioner, through counsel filed a motion for relief under 28 U.S.C. § 2255.  The Petitioner argued that in light of the Supreme Court decision in Johnson v. United States, 135 S.Ct. 2551 (2015), he was no longer a career offender because his prior convictions no longer qualified as crimes of violence under the residual clause. ECF No. 37. On May 9, 2017, the United States moved to dismiss in light of Beckles v. United States, 137 S.Ct. 886 (2018). ECF No. 44.  On June 30, 2017, the Petitioner voluntarily withdrew his § 2255 motion. ECF No. 45.

### D.     Instant § 2241 Petition

The Petitioner attacks his sentence alleging that his sentence as a career criminal is no longer valid. More specifically, the Petitioner alleges the decision in Mathis v. United States[3], 136 S.Ct. 2243 (2016) establishes that (1) the federal statute prohibiting possession of a saw-off shotgun does not meet the requirements of a crime of violence; (2) Virginia maiming statute does not meet the elements for a crime of violence; (3) Virginia robbery is categorically not a crime of violence; and (4) use of a firearm during the commission of a felony does not meet the definition of a crime of violence.

The Petitioner acknowledges that his Virginia convictions have not been vacated. However, he argues that is a distinction with a difference, and the effect on his eligibility for a career offender enhancement is identical. More specifically, he argues that his

---

[3] In Mathis, the Supreme Court clarified the proper application of the categorical and modified categorical approach used in determining whether prior crimes can be considered as predicate offenses for sentencing enhancements under the ACCA, 18 U.S.C. § 934(e), and found that Iowa's burglary statute encompassed conduct broader than  that encompassed by federal generic burglary as defined in Taylor v. United States, 495 U.S. 575, 598 (1990) and, thus, did not qualify as a crime of violence under the ACCA.

prior convictions are not the kind of offense for which Congress intended the enhanced penalties mandated for career offenders under 28 U.S.C. § 994(h). For relief, the Petitioner requests that the court vacate the career offender enhancement and resentence him without that provision of the guidelines.  ECF 1 at p. 8.

### III. Legal Standard

#### A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.    Pro Se Litigants.

As a pro se litigant, the Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

4

### C.    Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[4] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[4]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.  The date on which the judgment of conviction becomes final;
    b.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction."  United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)).  In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions."  Id. at 428.  When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255.  In the Fourth Circuit, §

---

    c.  The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    d.  The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added).  The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.


## IV. Analysis

Although Petitioner asserts that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application.   Because the Petitioner is not challenging his conviction the Jones test does not apply. Instead, the Court must review the petition under the Wheeler four prong savings clause test for erroneous sentences. Even assuming that the Petitioner could satisfy the first and third prongs of Wheeler, he has not established that, subsequent to his first § 2255 motion, the "settled substantive law [that established the legality of his sentence] changed and was deemed to apply retroactively on collateral review," as required by the second prong.

Liberally construed, the Petitioner appears to assert that, pursuant to Mathis, there has been an intervening change in substantive law that retroactively affects his case. Contrary to the Petitioner's argument, district courts in this Circuit and elsewhere

have held that <u>Mathis</u> does not represent a substantive change in the law. <u>See, e.g.</u>, <u>Stewart v. United States</u>, No. CR ELH-17-1408, 2017 WL 2361809, at *5 (D.Md. May 31, 2017) (recognizing that <u>Mathis</u> did not announce a new substantive rule applicable to cases on collateral review); <u>Dimott v. United States</u>, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068115, at *3 (D. Maine Oct. 14, 2016) ("The Supreme Court made clear that it was not breaking new ground in <u>Mathis</u> . . . ."); <u>Blackwell v. United States</u>, Case No. 4:10-cr-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, <u>Mathis</u> does not set a new rule.").

Rather than changing settled substantive law in <u>Mathis</u>, the Supreme Court reaffirmed precedent in existence well before the Petitioner's conviction, sentence and § 2255 motion:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. . . . And that rule does not change when the statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were-just the facts, which ACCA (so we have held, over and over) does not care about.

136 S.Ct. at 2557. Put simply, <u>Mathis</u> sets forth a "procedural rule that has not been made retroactive on collateral review." <u>Fisher v. Rickard</u>, No. 1:17-CV-03730, 2018 WL1405324, at *4 (S.D. W. Va. Feb. 16, 2018), report and recommendation adopted, No. CV 1:17-03730, 2018 WL 1404279 (S.D.W. Va. Mar. 20, 2018). <u>See also</u> <u>Walker v. Kassell</u>, 726 Fed.Appx. 191, 2018 WL 2979571 (4th Cir. June 13, 2018) (<u>Mathis</u> has not been held retroactive applicable on collateral review, so Walker cannot proceed under §2241).

In summary, the Petitioner has failed to meet the second prong of the <u>Wheeler</u> test, and his claims may not be considered under § 2241.  Accordingly, this Court is

without jurisdiction to consider the petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).


## VI. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DENIED** and **DISMISSED without prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  August 10, 2018.

*/s, James E. Seibert*

JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE