IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MELVIN D. SAMUELS,

        Petitioner,

v.                             Civil Action No. 5:17CV163
                                         (STAMP)
S. KALLIS, Warden,

        Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

    The pro se[1] petitioner, Melvin D. Samuels, filed a petition for habeas corpus under 28 U.S.C. § 2241 ("§ 2241"). The action was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

    The magistrate judge filed a report and recommendation recommending that this matter be denied and dismissed without prejudice. ECF No. 20 at 9. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

The petitioner filed a motion for an extension of time to file objections to the magistrate judge's report and recommendation. ECF No. 23. This Court granted that motion and directed the petitioner to file objections to the magistrate judge's report and recommendation on or before September 28, 2018. ECF No. 24 at 1-2.

Neither party has filed objections.

## II.  Facts

The pro se petitioner who was then incarcerated at FCI Hazelton (ECF No. 1 at 1), is serving a sentence imposed by the United States District Court for the Eastern District of Virginia. ECF No. 1 at 2. The petitioner filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he alleges that his sentence as a career criminal is no longer valid. Id. at 5. The petitioner argues that "[a]t the time of sentencing the Court determined that Samuels was a career offender based upon four Virginia convictions." Id. The petitioner states, "[r]ecently the Supreme Court clarified that a court must evaluate the predicate by looking only to the elements of the targeted crime. The sentencing [C]ourt did not do that therefore Samuels is innocent of the kind of offenses necessary for the career offender." Id. In the attached memorandum of law in support of his petition, the petitioner asserts that: (1) the federal statute prohibiting possession of a saw-off shotgun does not meet the requirements of a crime of violence after Mathis v. United States, 136 S. Ct. 2243 (2016), (2)

"Virginia's maiming statute does not meet the elements for a crime of violence," (3) "Virginia robbery is categorically not a crime of violence," and (4) his prior offense for use of a firearm during the commission of a felony does not meet the definition of a crime of violence. ECF No. 1-1 at 17-26. The petitioner requests that the Court vacate the career offender enhancement and sentence him again without that provision of the sentencing guidelines. Id. at 30.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## III. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## IV. Discussion

In his report and recommendation, the magistrate judge finds that the petitioner is not entitled to relief under the savings clause after applying the test set out in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). Id. at 7. Specifically, the

magistrate judge notes that the petitioner has not established that after his first § 2255 motion, settled substantive law that established the legality of his sentence changed and was deemed to apply retroactively on collateral review. Id. The magistrate judge also notes that "district courts in this Circuit and elsewhere have held that Mathis does not represent a substantive change in the law." Id. at 7-8. Therefore, the magistrate judge concludes that it does not have jurisdiction to consider the petition. Id. at 8-9. The magistrate judge thus recommends that the petitioner's petition be denied and dismissed without prejudice. Id. at 9.

This Court finds no error in the determinations of the magistrate judge and thus upholds his recommendation.

## V.  Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 20) is hereby AFFIRMED and ADOPTED in its entirety.

It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a

waiver of appellate rights.  Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter.  <u>See</u> <u>Wright v. Collins</u>, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the <u>pro se</u> petitioner by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    January 14, 2019


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE